# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Justin Clayburn,

Petitioner,

v.

Jason Gunther,

Respondent.

No. CV 25-0967-PHX-MTL (MTM)

**REPORT AND RECOMMENDATION**

TO THE HONORABLE MICHAEL T. LIBURDI, UNITED STATES DISTRICT JUDGE:

Petitioner filed n Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Judge Liburdi denied Ground One in an Order dated August 18, 2025. Doc. 6.

## I.    SUMMARY OF CONCLUSION

In Ground Two Petitioner asserts that the Federal Bureau of Prisons ("BOP") has violated federal law by failing to grant him earned time credits from the date his sentence was imposed.

This Court recommends that Ground Two be dismissed without prejudice, as Petitioner has not exhausted his administrative remedies within the BOP. If the District Court considers the merits, this Court recommends that Ground Two be dismissed as lacking in merit.

## II.    PETITION FOR WRIT OF HABEAS CORPUS

Petitioner filed his Petition (Doc. 1) on March 24, 2025. On September 15, 2025

Respondent filed an Answer, challenging this Court's jurisdiction and asserting that Petitioner has failed to properly exhaust his administrative remedies. Doc. 14 at 4-7.

### III.   GROUND TWO

#### A.   FSA

Under the First Step Act ("FSA") federal inmates who participate in programming earn time credits towards an earlier release date. An eligible inmate "who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits," 18 U.S.C. § 3632(d)(4)(A), that are applied "toward time in prerelease custody or supervised release." 18 U.S.C. § 3632(d)(4)(C).

#### B.   Subject Matter Jurisdiction

Federal courts have an independent obligation to examine their own jurisdiction. *See Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000). In *Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011) the Ninth Circuit noted that 18 U.S.C. § 3625 specifies that judicial review under the Administrative Procedures Act is not applicable to any determination, decision, or order "made pursuant to 18 U.S.C. §§ 3621-3624." 18 U.S.C. § 3624(g) "details the criteria for when a prisoner becomes eligible, considering earned time credit, for transfer to prerelease custody or supervised release." *Bottinelli v. Salazar*, 929 F.3d 1196, 1197-98 (9th Cir. 2019).

"A habeas claim cannot be sustained based solely upon the BOP's purported violation of its own program statement because noncompliance with a BOP program statement is not a violation of federal law." *Reeb,* 636 F.3d at 1227. Accordingly, a district court lacks jurisdiction to adjudicate the merits of a petition alleging only "that the BOP erred in his particular case." *Id*. at 1228. In contrast, judicial review *is* available where a habeas petition alleges "that BOP action is contrary to established federal law, violates the United States Constitution, or exceeds its statutory authority." *Id*.

In Ground Two Petitioner alleges that in failing to grant earned time credits from the date Petitioner was sentenced, BOP ignores the statutory definition of when a "sentence and eligibility for ETCs commence." Doc. 1 at 8-9. Under *Reeb*, this claim alleges a

violation of federal law in a manner sufficient to invoke this Court's jurisdiction.

Petitioner is serving a 60-month term of imprisonment for felon in possession of a firearm and making a false statement to acquire a firearm. Doc. 14-1 at 6, 12. Sentence was imposed on November 29, 2023. Doc. 14-1 at 12.

### C.   Petitioner's Failure to Exhaust Administrative Remedies

The *Reeb* Court noted that inmates may challenge the BOP's discretionary determinations through the BOP's administrative remedy program. 636 F.3d at 1227. Ordinarily, absent exhaustion, a court should dismiss a petition without prejudice or stay the proceedings until administrative remedies have been exhausted. *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011).

Petitioner did not exhaust his administrative remedies. Doc. 14-1 at 5, ¶ 12 (declaration of BOP employee Ruelas). Petitioner requests that this failure be excused, because "engaging in that process with the BOP would be futile." Doc. 1 at 3-5.

Petitioner's futility argument is unpersuasive. As a matter of efficiency and judicial economy, Petitioner should have allowed the BOP the opportunity to correct any errors through its well-established administrative remedy process, *see* doc. 14-1 at 3-5, rather than bypass that process.

Under the facts of Petitioner's case, this Court will not excuse Petitioner's failure to exhaust his administrative remedies, as his failure to do so has impeded preparation of a useful record and frustrated judicial economy. *See Jones v. Bock*, 549 U.S. 199, 219 (2007). This Court recommends that the Petition be dismissed without prejudice for failure to exhaust administrative remedies.

### D.   Merits

While this Court recommends that Ground Two be dismissed without prejudice, the Court will address the merits in the event the District Court elects to do so.

Petitioner alleges that in failing to grant earned time credits from the date he was sentenced, BOP ignores the statutory definition of when a "sentence and eligibility for ETCs commence." Doc. 1 at 8-9. This argument is in conflict with the plain language of

18 U.S.C. § 3632(d)(4)(A). By that statute the triggering event for an award of ETCs *is not sentencing and federal custody*, it is successful *participation* in "evidence-based recidivism reduction programming or productive activities." *Id.*; *see also Stevens v Jacquez*, CV-23-01482-AA, 2024 WL 3200546, at *4. (D. Or. June 25, 2024). Petitioner makes no showing that he participated in any such programs or activities from his sentencing date until he arrived at his designated federal facility. *See* doc. 1 at 8-13 (Petitioner's argument on Ground Two) and doc. 14-1 at 7, ¶ 25, 15 (BOP employee Ruelas declaration that Petitioner did not have a credit earnings start date until his arrival at his first BOP institution on January 26, 2024, when he completed the risk/needs assessment required by the FSA). On this record, consistent with 18 U.S.C. § 3632(d)(4)(A) and in the absence of a showing that Petitioner participated in approved programming before January 26, 2024, this Court recommends that Ground Two be denied on the merits.

## IV.    CONCLUSION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) be **DENIED and DISMISSED WITHOUT PREJUDICE**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

\\\
\\\
\\\
\\\
\\\

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation. *See* Fed. R. Civ. P. 72.

Dated this 24th day of March, 2026.

_____
Honorable Michael T. Morrissey
United States Magistrate Judge

- 5 -